In the Matter of the Application for DISCIPLINARY ACTION AGAINST Michael E. KELLER, A Member of the bar of the State of North Dakota.

DISCIPLINARY BOARD OF THE SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,

v.

Michael E. KELLER, Respondent.

No. 930149.

Supreme Court of North Dakota.

June 16, 1993.

---

## ORDER FOR DISCIPLINE

On May 12, 1993, the Disciplinary Board of the Supreme Court filed its Report unanimously adopting the Findings and Recommendations of the Hearing Body in this case. The Report of the Hearing Body was based upon a Stipulation in Partial Settlement wherein Mr. Keller admitted that he made offensive telephone calls to a woman in Park River, Walsh County, North Dakota, at a time when he was the State's Attorney in Walsh County.

The record in this case shows that a Summons and Petition for Discipline were served on Michael E. Keller on October 6, 1992, alleging certain ethical violations in that he made obscene and harassing telephone calls to a woman in Park River over approximately a two-month period while he was State's Attorney of Walsh County. On October 29, 1992, Mr. Keller filed his answer wherein he admitted that he made what could have been considered annoying telephone calls and that none of the phone calls were made in his capacity as State's Attorney.

On March 23, 1993, Vivian E. Berg, Disciplinary Counsel, filed a Stipulation in Partial Settlement signed by her, Mr. Keller, and W.R. Goulet, Jr., counsel for Mr. Keller. In the Stipulation, Mr. Keller admits making offensive telephone calls and acknowledges that such conduct violates Section 27–14–02(7), North Dakota Century Code and is professional misconduct under Rule 8.4(d), North Dakota Rules of Professional Conduct. Mr. Keller also agreed to pay the costs and expenses of the disciplinary proceedings in the amount of $250.00.

The Hearing Body accepted the Stipulation between Disciplinary Counsel and Mr. Keller and ordered that the hearing go forward only as to the issues of mitigation and appropriate sanction. The Order was signed on March 3, 1993, by Karen K. Braaten, Chair of the Hearing Body. Consistent with the Order of the Hearing Body, a hearing was had on March 5, 1993, to consider the sole issue of sanction, including mitigating and/or aggravating factors.

On March 23, 1993, the Hearing Body filed its Report, accepting the Stipulation and Partial Settlement entered into by Disciplinary Counsel and Mr. Keller. After consideration, the Hearing Body concluded that Mr. Keller's conduct in making offensive telephone calls constitutes a violation of North Dakota Century Code section 27–14–02(7) and is professional misconduct under Rule 8.4(d), North Dakota Rules of Professional Conduct. Such conduct comes within section 5.12 of the North Dakota Standards for Imposing Sanctions which states that suspension is generally the appropriate sanction when the lawyer engages in conduct that seriously adversely reflects on the lawyer's fitness to practice law.

In making its recommendation for appropriate sanctions, the Hearing Body found the following mitigating factors to exist:

a) Respondent has no prior disciplinary offenses.

b) Respondent was suffering from serious personal and emotional problems at the time of conduct and has and continues to undergo counseling for these problems.

c) But for the telephone calls, the Respondent has a good reputation for being a competent attorney, respected by other attorneys and members of the public.

d) Respondent has cooperated with disciplinary counsel in the disciplinary process and had made full disclosure to the Disciplinary Board.

e) Respondent has made a good faith effort to rectify the consequences of his misconduct as shown by the settlement with the victim and resignation from his position as State's Attorney.

Based on the forgoing, the Hearing Body recommended that Michael E. Keller be publicly reprimanded and be placed on two years probation with the following conditions:

a) Respondent is to continue with his counseling as recommended by his treating clinical psychologist or psychiatrist. During the probationary period, Respondent shall furnish to Disciplinary Counsel annually a report from his treating psychologist or psychiatrist containing recommendations for further counseling or treatment and verifying compliance of Respondent with current recommendations.

b) Respondent shall commit no violations of the North Dakota Rules of Professional Conduct.

c) Failure to comply with these conditions is grounds for reconsideration of the matter and imposition of further sanctions.

The Hearing Body also recommended that Mr. Keller pay costs and expenses of the disciplinary proceedings in the amount of $250.00.

On May 12, 1993, the Disciplinary Board of the Supreme Court filed its Report unanimously adopting the Findings and Recommendations of the Hearing Body for consideration by the Supreme Court. Subsequently, on June 8, 1993, Disciplinary Counsel filed a Stipulation and Consent to Discipline signed by her, Michael E. Keller, and W.R. Goulet, Jr., Mr. Keller's attorney. In the Stipulation and Consent to Discipline Mr. Keller admitted that grounds exist for discipline, that the material facts are true and that the charges cannot be successfully defended. Mr. Keller agreed to the discipline recommended by the Hearing Body and submitted the Stipulation and Consent to the Supreme Court for its consideration without brief and oral argument. The Court considered the matter, and

ORDERED, that Mr. Keller be publicly reprimanded and be placed on two years probation with the following conditions:

a) Respondent is to continue with his counseling as recommended by his treating clinical psychologist or psychiatrist. During the probationary period, Respondent shall furnish to Disciplinary Counsel annually a report from his treating psychologist or psychiatrist containing recommendations for further counseling or treatment and verifying compliance of Respondent with current recommendations.

b) Respondent shall commit no violations of the North Dakota Rules of Professional Conduct.

c) Failure to comply with these conditions is grounds for reconsideration of the matter and imposition of further sanctions.

IT IS FURTHER ORDERED, that Mr. Keller pay the costs and expenses of the disciplinary proceedings in the amount of $250.00.

VANDE WALLE, C.J., and MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.